UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

    ALROSE ALLEGRIA, LLC,

Debtor.

Chapter 11

Case No. 15-11760 (SHL)

-----------------------------------------------------------x

In re:

    ALROSE KING DAVID, LLC,

Debtor.

Chapter 11

Case No. 16-10536 (SHL)

(Jointly Administered)

-----------------------------------------------------------x

## ORDER CONFIRMING CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Upon the *Chapter 11 Trustee's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated September 15, 2021 (ECF Doc. No. 489) (the "Plan"); and upon the *Disclosure Statement for the Chapter 11 Trustee's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated September 15, 2021 (ECF Doc. No. 490) (the "Disclosure Statement"); and upon the Order entered by the Bankruptcy Court on October 7, 2019, approving the Disclosure Statement on a conditional basis (ECF Doc. No. 496) (the "Approval Order"); and upon the *Affidavit of Service* (ECF Doc. No. 42) evidencing the Approval Order, the Plan, the First Amended Disclosure Statement with related Exhibits, and the Ballot for accepting or rejecting the Plan, as applicable (collectively, the "Plan Documents"), in compliance with the Approval Order, upon all known creditors, equity holders, and other parties in interest; and upon the *Declaration of Kenneth P. Silverman in Support of Confirmation of the Chapter 11 Trustee's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated November 15, 2021 (ECF Doc. No. 500) filed with the Bankruptcy Court; and upon the *Declaration of Ronald J. Friedman, Esq., Regarding Voting on*

*and Tabulation of Ballots Accepting and Rejecting the Chapter 11 Trustee's Plan of Liquidation*

*Under Chapter 11 of the Bankruptcy Code*, dated November 15, 2021 (ECF Doc. No. 501); and

upon the *Chapter 11 Trustee's Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy*

*Code*, dated November 17, 2021 (ECF Doc. No. 502) (the "<u>Amended Plan</u>");[1] and all parties in

interest having had an opportunity to be heard; and it having been determined that the requirements

for confirmation of the Plan set forth in 11 U.S.C. § 1129(a) and all other relevant sections of the

Bankruptcy Code have been satisfied; it is hereby

> **ORDERED**, that the Disclosure Statement is approved on a final basis; and it is further

> **ORDERED**, that the Amended Plan is confirmed in the form annexed hereto as **Exhibit A**; and it is further

> **ORDERED**, that the Creditor Trust Agreement filed as a supplement to the Plan (ECF Doc. No. 498) is hereby approved; and it is further

> **ORDERED**, that, upon the occurrence of the Effective Date under the Plan, the Debtors shall be deemed dissolved; and it is further

> **ORDERED**, that final applications for compensation for all professionals retained by the Debtors or the Trustee during the Chapter 11 Cases shall be filed no later than sixty (60) days after the date this Order is entered; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Amended Plan.

**ORDERED**, that Bankruptcy Rule 3020(e) shall not apply to this Order and the Trustee is authorized to consummate the Plan immediately following the entry of this Order.

Dated: New York, New York
November 23, 2021

*/s/ Sean H. Lane*
Honorable Sean H. Lane
United States Bankruptcy Judge

# EXHIBIT A

# TRUSTEE'S PLAN OF LIQUIDATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

    ALROSE ALLEGRIA, LLC,

Debtor.


-----------------------------------------------------------x
In re:

    ALROSE KING DAVID, LLC,

Debtor.

-----------------------------------------------------------x

Chapter 11

Case No. 15-11760 (SHL)


Chapter 11

Case No. 16-10536 (SHL)

(Jointly Administered)

---

### CHAPTER 11 TRUSTEE'S AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

---

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
The Chapter 11 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers
Haley L. Trust

Dated:  As of November 17, 2021

**TABLE OF CONTENTS**

ARTICLE I.  RULES OF INTERPRETATION, COMPUTATION OF TIME,
GOVERNING LAW AND DEFINED TERMS ...................................................................... 1

   A.  Rules of Interpretation, Computation of Time and Governing Law.................................... 1

   B.  Defined Terms .................................................................................................................... 1

ARTICLE II.  ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS ........................... 8

   A.  Administrative Claims ........................................................................................................ 8

   B.  Priority Tax Claims............................................................................................................. 9

   C.  Fees Payable to the United States Trustee ......................................................................... 9

ARTICLE III.  CLASSIFICATION AND TREATMENT OF CLASSIFED CLAIMS ................... 9

   A.  Administrative Claims and Priority Tax Claims................................................................. 9

   B.  Summary............................................................................................................................. 9

   C.  Classification and Treatment of Claims............................................................................ 10

   D.  Special Provision Governing Unimpaired Claims............................................................ 11

ARTICLE IV.  ACCEPTANCE OR REJECTION OF THE PLAN ............................................... 11

   A.  Presumed Acceptance of Plan........................................................................................... 11

   B.  Presumed Rejection of Plan .............................................................................................. 12

   C.  Voting Classes .................................................................................................................. 12

   D.  Acceptance by Impaired Classes of Claims...................................................................... 12

   E.  Substantive Consolidation of Debtors' Estates................................................................ 12

ARTICLE V.  MEANS FOR IMPLEMENTATION OF THE PLAN ........................................... 12

   A.  Source of Funds ............................................................................................................... 12

   B.  Establishment of Creditor Trust........................................................................................ 12

       1.  Appointment of Creditor Trustee.............................................................................. 12

       2.  Bond ........................................................................................................................ 12

       3.  Governance............................................................................................................... 13

       4.  Succession Matters................................................................................................... 13

       5.  Funding of Creditor Trust ........................................................................................ 13

       6.  Transfer of Estates Assets to Creditor Trust ............................................................ 13

       7.  Purpose of the Creditor Trust.................................................................................... 13

       8.  Federal Income Tax Treatment of the Creditor Trust ............................................... 14

       9.  Indemnification ........................................................................................................ 14

     10.  Dissolution of Debtors ............................................................................................. 14

  11. Discharge of the Trustee.................................................................................... 14

 C. Powers and Obligations of the Creditor Trust and Creditor Trustee ............................... 15

  1. Powers and Duties .......................................................................................... 15

ARTICLE VI. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
 LEASES ................................................................................................................. 16

 A. Assumption and Rejection of Executory Contracts and Unexpired Leases ..................... 16

 B. Claims Based on Rejection of Executory Contracts or Unexpired Leases........................ 17

 C. Modifications, Amendments, Restatements or Other Agreements.................................... 17

 D. Reservation of Rights....................................................................................................... 17

ARTICLE VII. PROVISIONS GOVERNING DISTRIBUTIONS...................................................... 17

 A. Distributions for Allowed Claims .................................................................................... 17

 B. Distributions on Account of Claims Allowed After the Effective Date ........................... 18

  1. Payments and Distributions on Disputed Claims ........................................... 18

  2. Special Rules for Distributions to Holders of Disputed Claims ..................... 18

 C. Delivery and Distributions and Undeliverable or Unclaimed Distributions..................... 18

  1. Delivery to Distributions in General............................................................... 18

  2. Minimum Distributions ................................................................................... 18

  3. Undeliverable Distributions and Unclaimed Property ..................................... 19

 D. Compliance with Tax Requirements/Allocations ............................................................. 19

 E. Timing and Calculation of Amounts To Be Distributed.................................................. 20

 F. Setoffs .............................................................................................................................. 20

ARTICLE VIII. PROCEDURES FOR RESOLVING DISPUTED CONTINGENT
 AND UNLIQUIDATED CLAIMS OR INTERESTS............................................... 20

 A. Resolution of Disputed Claims ....................................................................................... 20

  1. Prosecution of Claims Objection.................................................................... 20

  2. Procedure for Omnibus Objections to Claims ............................................... 21

  3. Claims Estimation .......................................................................................... 21

  4. Deadline to File Objections to Claims ........................................................... 21

 B. Claims Allowance............................................................................................................ 22

 C. Controversy Concerning Impairment .............................................................................. 22

 D. Disallowance of Claims................................................................................................... 22

 E. Amendments to Claims.................................................................................................... 22

ARTICLE IX. CONDITIONS PRECEDENT TO CONFIRMATION AND
 CONSUMMATION OF THE PLAN....................................................................... 23

 A. Conditions Precedent to Confirmation............................................................................. 23

2590891v6 / 065855.065855 / HTRUST

B.   Conditions Precedent to Consummation and Occurrence of the Effective Date ............... 23

C.   Waivers of Conditions ................................................................................................. 23

D.   Effect of Non-Occurrence of Conditions to Consummation ............................................. 24

ARTICLE X.  SETTLEMENT, INJUNCTION AND RELATED PROVISIONS ......................... 24

A.   Compromise and Settlement ......................................................................................... 24

B.   Exculpation ................................................................................................................. 24

C.   Preservation of Rights of Action / Reservation of Rights.................................................. 25

1.   Maintenance of Causes of Action ......................................................................... 25

2.   Preservation of All Causes of Action Not Expressly Sold, Settled, or Released ......... 26

D.   Preservation of Insurance ............................................................................................. 26

E.   Injunction ................................................................................................................... 26

ARTICLE XI.  RETENTION OF JURISDICTION ............................................................... 28

ARTICLE XII.  MISCELLANEOUS PROVISIONS ............................................................. 29

A.   Payment of Statutory Fees ........................................................................................... 29

B.   Quarterly Reports ........................................................................................................ 29

C.   Modification of Plan .................................................................................................... 29

D.   Revocation of Plan ...................................................................................................... 30

E.   Successor and Assigns .................................................................................................. 30

F.   Reservation of Rights ................................................................................................... 30

G.   Further Assurances ...................................................................................................... 30

H.   Severability ................................................................................................................ 30

I.   Service of Documents .................................................................................................. 31

2590891v6 / 065855.065855 / HTRUST

## CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION
## UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Kenneth P. Silverman, Esq., the chapter 11 trustee of the bankruptcy estates of Alrose Allegria LLC and Alrose King David, LLC, hereby respectfully proposes the following plan of liquidation under chapter 11 of title 11, United States Code.

## ARTICLE I.

## RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS

A.      Rules of Interpretation, Computation of Time and Governing Law

1.      For purposes herein: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (b) any reference herein to a contract, lease, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions; (c) any reference herein to an existing document or exhibit having been Filed or to be Filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented; (d) unless otherwise specified, all references herein to "Articles" are references to Articles hereof or hereto; (e) unless otherwise stated, the words "herein," "hereof" and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; (f) captions and headings to Articles are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (g) the rules of construction set forth in Bankruptcy Code §102 shall apply; and (h) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

2.      The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.

3.      Except to the extent that the Bankruptcy Code or Bankruptcy Rules apply, and subject to the provisions of any contract, lease instrument, or other agreement or document entered into in connection herewith, the rights and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.

B.      Defined Terms

1.      "Accrued Professional Compensation" means, at any particular time, all accrued, contingent and/or unpaid fees and expenses (including Allowed Fee Claims) for legal, financial, advisory, accounting, real estate brokerage, and other services and reimbursement of expenses that are awardable and allowable under Bankruptcy Code §§328, 330(a) or 331 or otherwise rendered

1

prior to the Confirmation Date by any Retained Professional in the Chapter 11 Cases that the Bankruptcy Court has not denied by a Final Order, to the extent that any such fees and expenses have not been previously paid regardless of whether a fee application has been Filed for any such amount. To the extent that the Bankruptcy Court or any higher court denies or reduces by a Final Order any amount of a Retained Professional's fees or expenses, then those reduced or denied amounts shall no longer constitute Accrued Professional Compensation.

2.     "Administrative Claim" means any Claim for costs and expenses of administration of the Estates under Bankruptcy Code §§503(b), 507(b) or 1114(e)(2), including: (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estates; (b) Fee Claims; (c) all fees and charges, and any applicable interest, assessed against the Estates under chapter 123 of Title 28 of the United States Code, 28 U.S.C. §§1911-30; and (d) Claims arising under Bankruptcy Code §503(b)(9).

3.     "AKD" means Alrose King David, LLC.

4.     "AKD General Bar Date" means July 21, 2016, the date by which all Proofs of Claim must have been filed against AKD.

5.     "AKD Governmental Bar Date" means August 31, 2016, the date by which all Proofs of Claim by a governmental unit must have been filed against AKD.

6.     "AKD Petition Date" means March 4, 2016, the date on which AKD commenced its Chapter 11 Case.

7.     "AKD Schedules" means, collectively Schedules, A, B, D, E, F, G, H, Schedule of Assets & Liabilities, Statement of Financial Affairs, and Corporate Ownership Statement (Case No. 16-10536 (SHL) ECF Doc. Nos. 1 and 30), Filed by AKD pursuant to Bankruptcy Code § 521, as the same may have been amended, modified or supplemented from time to time.

8.     "Allegria" means Alrose Allegria, LLC.

9.     "Allegria Bar Date" means December 29, 2015, the date by which all Proofs of Claim must have been filed against Allegria.

10.     "Allegria Petition Date" means July 2, 2015, the date on which Allegria commenced its Chapter 11 Case.

11.     "Allegria Schedules" means, collectively Schedules A, B, D, E, F, G, H, Statement of Financial Affairs, Corporate Ownership Statement (Case No. 15-111760 (SHL) ECF Doc. Nos. 41, 42, 43, 44, 45, 46, 49, 50, 51, 81, 82, 83, 85, and 85), Filed by Allegria pursuant to Bankruptcy Code §521, as the same may have been amended, modified or supplemented from time to time.

12.     "Allowed" means with respect to Claims: (a) any Claim proof of which is timely Filed by the applicable Claims Bar Date (or for which Claim under the Bankruptcy Code or Final Order of the Bankruptcy Court a Proof of Claim is or shall not be required to be Filed); (b) any

Claim that is listed in the Schedules as not contingent, not unliquidated and not disputed, and for which no Proof of Claim has been timely Filed; or (c) any Claim Allowed pursuant to the Plan; provided, however, that with respect to any Claim described in clauses (a) and (b) above, such Claim shall be considered Allowed only if and to the extent that with respect to any Claim (i) no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court or (ii) regardless of whether such an objection is so interposed, the Claim shall have been Allowed by a Final Order. Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated or disputed, and for which no Proof of Claim is or has been timely Filed, is not considered Allowed and shall be expunged without further action by the Debtors and without further notice to or action, approval or order of the Bankruptcy Court.

13.     "Assets" means any and all property of the Estates, including without limitation, all property and other interests identified in Bankruptcy Code §541(a).  Without limiting the foregoing, Assets shall include all of the Debtors' real, personal, tangible and intangible property, wherever located and whether acquired prior to or after the Petition Date, including Cash, real property, personal property, furniture, fixtures, equipment, artwork, intellectual property, accounts, tangibles, intangibles, Causes of Action (including Avoidance Actions), together with the proceeds and products, replacements and accessions thereof.

14.     "Avoidance Action" means any Causes of Action to avoid or recover a transfer or property of the Estates or an interest of the Debtors in property, including without limitation, actions arising under Bankruptcy Code §§506, 510, 541, 542, 544, 545, 547, 548, 549, 550, and 533, and any other applicable federal, state or common law.

15.     "Bankruptcy Code" means title 11, United States Code, as applicable to the Chapter 11 Cases.

16.     "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York having jurisdiction over the Chapter 11 Cases and, to the extent of the withdrawal of any reference under 28 U.S.C. §157, the United States District Court for the Southern District of New York.

17.     "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as applicable to the Chapter 11 Case, promulgated under 28 U.S.C. §2075 and the general, local, and chambers rules of the Bankruptcy Court.

18.     "Business Day" means any day, other than a Saturday, Sunday or "legal holiday" (as defined by Bankruptcy Rule 9006(a)).

19.     "Cash" means the legal tender of the United States of America or the equivalent thereof, including bank deposits, checks, and cash equivalents.

20.     "Causes of Action" means: (a) all any and all avoidance, recovery, subordination or other actions or remedies that may be brought or have already been commenced as of the Confirmation Date on behalf of the Debtors or their Estates under the Bankruptcy Code or

2590891v6 / 065855.065855 / HTRUST

applicable non-bankruptcy law, including actions or remedies under Bankruptcy Code §§510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, 553(b) and 724(a); and (b) all actions claims, rights, suits, remedies, counterclaims, crossclaims, indemnity claims, contribution claims or defenses that the Debtors or their Estates may have.

21. "Chapter 11 Cases" means the chapter 11 cases pending for the Debtors under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case Nos. 15-11760 (SHL) and 16-10536 (SHL).

22. "Claim" means any claim against the Debtors as defined in Bankruptcy Code §101(5).

23. "Claims Bar Date" means, as applicable, (a) the General Bar Date, (b) the Government Claims Bar Date, (c) the General Administrative Claims Bar Date, or (d) such other period of limitation to be fixed by the Confirmation Order for filing such Claims.

24. "Claims Objection Bar Date" means, as applicable: (a) 180 days after the Effective Date; or (b) such other period of limitation as may be fixed by an order of the Bankruptcy Court or the relevant parties for objecting to any Claims.

25. "Class" means a category of Holders of Claims or Interests as set forth in Article III.C hereof pursuant to Bankruptcy Code §1122(a).

26. "Confirmation" means the entry of the Confirmation Order on the docket of the Chapter 11 Cases, subject to all conditions specified in this Plan having been (a) satisfied, or (b) waived pursuant to the terms of this Plan.

27. "Confirmation Date" means the date upon which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Cases, within the meaning of Bankruptcy Rules 5003 and 9021.

28. "Confirmation Hearing" means the hearing held by the Bankruptcy Court on Confirmation of the Plan pursuant to Bankruptcy Code §1129, as such hearing may be continued from time to time.

29. "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code §1129.

30. "Consummation" means the occurrence of the Effective Date.

31. "Creditor Trust" means the creditor trust established under Article V.C hereof.

32. "Creditor Trust Agreement" means the creditor trust agreement to be executed by the Trustee and the Creditor Trustee on the Effective Date, which shall be filed as part of the Plan Supplement.

2590891v6 / 065855.065855 / HTRUST

33.     "Creditor Trust Assets" means (a) any and all Assets of the Debtors' Estates transferred to the Creditor Trust, and (b) any and all Causes of Action, including Avoidance Actions, and the proceeds thereof.

34.     "Creditor Trust Proceeds" means the proceeds from the liquidation by the Creditor Trust of the Creditor Trust Assets less (a) expenses of the Creditor Trust, including any Post-Confirmation Expenses, and (b) all applicable income, capital gains, or other taxes due in connection with the Creditor Trust or any Creditor Trust Asset.

35.     "Creditor Trustee" means, initially, Kenneth P. Silverman, Esq.

36.     "Debtors" means Alrose Allegria, LLC and Alrose King David, LLC, in their capacity as debtors and as debtors in possession in the Chapter 11 Cases.

37.     "Disclosure Statement" means the disclosure statement for this Plan, as amended, supplemented, or modified from time to time, including all exhibits and schedules thereto.

38.     "Disclosure Statement Approval Order" means the Final Order of the Bankruptcy Court Approving the Disclosure Statement in accordance with Bankruptcy Code §1125.

39.     "Disputed Claim" means, with respect to any Claim, any Claim that is not yet Allowed.

40.     "Effective Date" means the day that is the first Business Day after the conditions specified in Article IX.B of the Plan have been satisfied or waived.

41.     "Entity" means an entity as defined in Bankruptcy Code §101(15), including Persons.

42.     "Estates" means the estates created for the Debtors in their Chapter 11 Cases pursuant to Bankruptcy Code §541.

43.     "Executory Contract" means a contract to which the Debtors are a party that is subject to assumption or rejection under Bankruptcy Code §§365 or 1123.

44.     "Fee Claim" means a Claim under Bankruptcy Code §§328, 330(a), 331, 363 or 503 for Accrued Professional Compensation, including Claims for compensation by a Retained Professional.

45.     "File" or "Filed" means file, filed or filing with the Bankruptcy Court or its authorized designee in the Chapter 11 Cases.

46.     "Final Order" means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in the Chapter 11 Cases, or the docket of any court of competent jurisdiction, that has not been reversed, stayed, modified or amended, and as to which the time to appeal, or seek certiorari or move for a new trial, reargument or rehearing has

expired and no appeal or petition for certiorari or other proceedings for a new trial, reargument or rehearing been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been timely Filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought, or the new trial, reargument or rehearing shall have been denied, resulted in no modification of such order or otherwise been dismissed with prejudice.

47.     "General Administrative Claim" means any Administrative Claim that is not a Fee Claim.

48.     "General Unsecured Claim" means any unsecured Claim against the Debtors, which is not a Priority Tax Claim, General Administrative Claim, Fee Claim or Other Priority Claim.

49.     "Holder" means an Entity or Person holding a Claim.

50.     "Impaired" means, with respect to a Class of Claims, a Claim that is impaired within the meaning of Bankruptcy Code §1124.

51.     "Interests" means all of the Debtors' interests in property of the Estates.

52.     "Other Priority Claim" means any Claim accorded priority in right of payment under Bankruptcy Code §507(a), other than a Priority Tax Claim or an Administrative Claim.

53.     "Person" means a person as defined in Bankruptcy Code §101(41).

54.     "Plan" means this plan of liquidation, as amended, supplemented or modified from time to time, and including all exhibits, which are incorporated herein by reference.

55.     "Plan Supplement" means the supplement to the Plan that includes documents and instruments required to implement the Plan, including, without limitation, the Creditor Trust Agreement, which shall be filed with the Bankruptcy Court not later than ten (10) days before the deadline to object to confirmation of the Plan established by the Disclosure Statement Approval Order.

56.     "Post-Confirmation Expenses" means the administrative expenses accrued following the Effective Date, including without limitation, all fees and expenses of the Creditor Trust, and any professionals retained by the Creditor Trust.  For the avoidance of doubt, fees and expenses of the Creditor Trust, the Creditor Trustee and the Creditor Trust Oversight Committee shall be paid solely from the Creditor Trust.

57.     "Priority Tax Claim" means any Claim of a governmental unit of the kind specified in Bankruptcy Code §507(a)(8).

58.     "Proof of Claim" means a proof of Claim Filed against the Debtors in the Chapter 11 Cases.

59. "Pro Rata" means the proportion that an Allowed Claim in a particular Class bears to the aggregate amount of Allowed Claims in that Class, or the proportion that Allowed Claims in a particular Class bear to the aggregate amount of Allowed Claims in a particular Class and other Classes entitled to share in the same recovery as such Allowed Claim under the Plan.

60. "Record Date" means the close of business on the date the Bankruptcy Court enters an order approving the Disclosure Statement.

61. "Retained Professional" means any Entity: (a) employed in the Chapter 11 Cases pursuant to a Final Order in accordance with Bankruptcy Code §§327, 328 and 1103 and to be compensated for services rendered prior to the Effective Date, pursuant to Bankruptcy Code §§327, 328, 329, 330, 331 or 363; or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Bankruptcy Code §503(b)(4).

62. "Rosenberg Settlement" means the settlement agreement between the Trustee, Allen Rosenberg, Faye Klausner, Mia Rosenberg, and certain entities owned and/or controlled by Allen Rosenberg resolving Adversary Proceedings Nos. 17-01084 (SHL), 17-01085 (SHL), and 17-01086 (SHL), and which was approved by the Bankruptcy Court by order dated February 17, 2021 (Adv. Pro. No. 17-01084 (SHL), ECF Doc. No. 66); (Adv. Pro. No. 17-01085 (SHL), ECF Doc. No. 25); (Adv. Pro. No. 17-01086 (SHL), ECF Doc. No. 24).

63. "Rosenberg Settlement Proceeds" means the amounts paid to the Trustee pursuant to the Rosenberg Settlement.

64. "Rosenberg Taxing Authorities" means the New York State Department of Taxation & Finance and the United States Department of the Treasury.

65. "Sale" means the sale of the Creditor Trust Assets, as necessary, in the discretion of the Creditor Trustee, to satisfy all of the liabilities of the Debtors' Estates.

66. "Secured Claim" means any Claim against the Debtors secured by a validly perfected interest in property of the Debtors' Estates.

67. "Trustee" means Kenneth P. Silverman, Esq. in his capacity as the chapter 11 trustee of the Debtors' Estates in these Chapter 11 Cases.

68. "Unclaimed Property" means any distribution of Cash, and other property, unclaimed after the Effective Date, or the date upon which a distribution would have been made in respect of the relevant Allowed Claim. Unclaimed Property shall include: (a) checks (and the funds represented thereby) and other property mailed to a Holder of an Allowed Claim and returned as undeliverable without a proper forwarding address; (b) funds for uncashed checks; (c) checks (and the funds represented thereby) not mailed, or undeliverable in accordance with the Plan; and (d) distributions rejected by a Holder of a Claim.

69. "Unexpired Lease" means a lease to which the Debtors are a party that is subject to

2590891v6 / 065855.065855 / HTRUST

assumption or rejection under Bankruptcy Code §§365 or 1123.

70. "Unimpaired" means, with respect to a Class of Claims, a Claim that is unimpaired within the meaning of Bankruptcy Code §1124.

71. "Unliquidated General Unsecured Claim" means any unsecured claim that is unliquidated in amount and/or subject to a contingency or dispute against the Debtors which is not a Priority Tax Claim, General Administrative Claim, Fee Claim, Liquidated General Unsecured Claim or Other Priority Claim.

72. "Unsecured Creditor Funds" means the sum of One Hundred Thousand ($100,000.00) Dollars which shall be set aside from payments otherwise to be made with respect to the Rosenberg Taxing Authorities for the payment of Class 3 Claims.

73. "Voting Deadline" means the date and time by which all ballots accompanying the Disclosure Statement upon which Holders of Impaired Claims entitled to vote shall, among other things, indicate their acceptance or rejection of the Plan in accordance with the Plan and the procedures governing the solicitation process, must be actually received by the Creditor Trustee, as established by Order of the Bankruptcy Court.

## ARTICLE II.

## ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS

A. Administrative Claims

1. Except as otherwise provided herein and subject to Bankruptcy Code §§328, 330(a) and 331, each Holder of an Allowed General Administrative Claim will be paid the full amount of such Allowed Claim in Cash: (a) on or as soon as reasonably practicable after the Effective Date; (b) if such Claim is Allowed after the Effective Date, on or as soon as practicable after the date such Claim is Allowed; (c) upon such other terms as may be agreed upon by such Holder and the Creditor Trust; or (d) as otherwise ordered by the Bankruptcy Court.

Except as otherwise provided in this Article II.A, unless previously Filed, requests for payment of General Administrative Claims must be Filed and served prior to the General Administrative Claims Bar Date. Holders of General Administrative Claims that do not File and serve such a request by the applicable General Administrative Claims Bar Date shall be forever barred, estopped and enjoined from asserting such General Administrative Claims against the Debtors, their Estates and the Creditor Trust and such General Administrative Claims shall be deemed discharged as of the Effective Date. Objections to such requests must be Filed and served on the Debtors, the Creditor Trust and the requesting party within thirty (30) days after the General Administrative Claims Bar Date.

2. Fee Claims

Retained Professionals, including without limitation other entities asserting a Fee Claim

for services rendered before the Confirmation Date, must File and serve on the Debtors, the Creditor Trust, the United States Trustee, and such other Entities who are designated by the Bankruptcy Rules or any order of the Bankruptcy Court an application for final allowance of such Fee Claim no later than sixty (60) days after the Effective Date. Objections to any Fee Claim must be Filed and served on the Debtors, the Creditor Trustee, the United States Trustee, and the requesting party in accordance with the notice of the hearing on such Fee Claim.

B.      Priority Tax Claims

Each Holder of an Allowed Priority Tax Claim due and payable on or prior to the Effective Date shall receive, as soon as reasonably practicable after the Effective Date, on account of such Claim: (1) Cash in an amount equal to the amount of such Allowed Priority Tax Claim; or (2) Cash in an amount agreed to by the Trustee and such Holder; provided, however, that such parties may further agree for the payment of such Allowed Priority Tax Claim at a later date.

With respect to the Rosenberg Taxing Authorities, each has agreed that, to the extent that the Rosenberg Settlement Proceeds are timely remitted to the Trustee (or the Creditor Trust) pursuant to the terms of the Rosenberg Settlement, the Rosenberg Taxing Authorities shall in no way attempt to collect from Allen Rosenberg any unpaid taxes (including any interest and/or penalties) associated with the Debtors prepetition or post-petition operations until such time as the Rosenberg Settlement Proceeds are paid in full, such period of forbearance not to exceed two years from the Effective Date. Nothing herein shall be deemed to limit to the ability of the Rosenberg Taxing Authorities from commencing or continuing collection efforts with respect to personal liabilities owed by Rosenberg to the Taxing Authorities which are unrelated to the Debtors.

C.      Fees Payable to the United States Trustee

The Creditor Trust shall pay all United States Trustee quarterly fees under 28 U.S.C. §1930(a)(6), plus interest due and payable under 31 U.S.C. §3717, on all disbursements made by the Creditor Trust until the entry of a Final Order closing the Chapter 11 Cases, dismissal of the Chapter 11 Cases, or conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

## ARTICLE III.

## CLASSIFICATION AND TREATMENT OF CLASSIFED CLAIMS

A.      Administrative Claims and Priority Tax Claims

In accordance with Bankruptcy Code §1123(a)(1), Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims set forth in Article III.C, hereof.

B.      Summary

1.      The categories of Claims listed below classify Claims for all purposes, including

voting, Confirmation and distributions pursuant hereto and pursuant to Bankruptcy Code §§1122 and 1123(a)(1). The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class. A Claim or an Interest is in a particular Class only to the extent that any such Claim is Allowed in that Class and has not been paid or otherwise settled prior to the Effective Date.

2. <u>Summary of Classification and Treatment of Classified Allowed Claims Against the Debtors</u>

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Priority (Non-Tax) Claims | Unimpaired | Deemed to Accept |
| 2 | Secured Claims | Unimpaired | Deemed to Accept |
| 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| 4 | Interests | Impaired | Deemed to Reject |

C.    Classification and Treatment of Claims

The classification and treatment of Claims and Interests pursuant to the Plan, is as follows:

Class 1 – Priority (Non-Tax) Claims

(i)    Classification: Class 1 Claims consist of all Priority Claims against the Debtors which are not tax claims.

(ii)    Treatment: The legal, equitable and contractual rights of the Holders of Allowed Class 1 Claims are unaltered. Unless otherwise agreed to by Holders of Allowed Class 1 Claims and the Creditor Trust, each Holder of an Allowed Class 1 Claim shall receive, in full and final satisfaction of such Allowed Class 1 Claim, payment of the Allowed Class 1 Claim in full in Cash or as soon as reasonably practicable after the Effective Date.

(iii)    Voting: Class 1 is Unimpaired, and Holders of Class 1 Claims are conclusively presumed to have accepted the Plan pursuant to Bankruptcy Code §1126(f). Therefore, Holders of Class 1 Claims are not entitled to vote to accept or reject the Plan; provided, however, that all Class 1 Claims shall be subject to becoming Allowed Claims under the provisions of the Plan, including Article VIII hereof.

Class – 2 Secured Claims

(i)    Classification: Class 2 Claims consist of all Secured Claims against the Debtors.

2590891v6 / 065855.065855 / HTRUST

    (ii)  Treatment: Holders of Allowed Secured Claims will receive payment in full of such Allowed Secured Claim in full and final satisfaction, settlement and discharge and in exchange for each Allowed Secured Claim.

    (iii)  Voting: Class 2 is Unimpaired, and therefore Holders of Class 2 Claims are entitled to vote to accept or reject the Plan.

  <u>Class 3 – General Unsecured Claims</u>

    (i)  Classification: Class 3 consists of all General Unsecured Claims held against the Debtors.

    (ii)  Treatment: Holders of Allowed General Unsecured Claims will receive, in full and final satisfaction, settlement, and discharge and in exchange for each Allowed General Unsecured Claim, their Pro Rata Share of the Unsecured Creditor Funds on the Effective Date.

    (iii)  Voting: Class 3 is Impaired, and therefore Holders of Class 3 Claims are entitled to vote to accept or reject the Plan.

  <u>Class 4 – Interests in Property of the Estate</u>

    (i)  Classification: Class 4 consists of all of the Debtors' Interests in property of the Estate.

    (ii)  Treatment: Class 4 Interests shall receive nothing of value pursuant to the Plan.

    (iii)  Voting: Holders of Class 4 Interests are deemed to reject the Plan.

D.  Special Provision Governing Unimpaired Claims

  Except as otherwise provided herein, nothing in the Plan shall affect the Debtors' or the Creditor Trust's rights with respect to any Unimpaired Claims, including all rights with respect to legal and equitable defenses to or setoffs or recoupment against any such Unimpaired Claims.

## ARTICLE IV.

## ACCEPTANCE OR REJECTION OF THE PLAN

A.  Presumed Acceptance of Plan

  Classes 1 and 2 are Unimpaired under the Plan and, therefore, is conclusively presumed to have accepted the Plan pursuant to Bankruptcy Code §1126(f).

2590891v6 / 065855.065855 / HTRUST

B.    Presumed Rejection of Plan

Class 4 is not entitled to receive anything of value under the Plan and, therefore, is conclusively presumed to have rejected the Plan pursuant to Bankruptcy Code §1126(g).

C.    Voting Classes

Class 3 is Impaired under the Plan, and Holders of Class 3 Claims as of the Record Date shall be entitled to vote to accept or reject the Plan.

D.    Acceptance by Impaired Classes of Claims

Pursuant to Bankruptcy Code §1126(c), and except as otherwise provided in Bankruptcy Code §1126(e), an Impaired Class of Claims entitled to vote to accept or reject the Plan has accepted the Plan if the Holders of at least two-thirds in dollar amount and more than one-half in number of the Allowed Claims in such Class actually voting have voted to accept the Plan.

E.    Substantive Consolidation of Debtors' Estates

The Plan shall serve as a motion by the Trustee seeking entry of an order substantively consolidating each of the Estates into a single consolidated Estate for the limited purposes of voting, confirmation, and distribution.  For the avoidance of doubt, the Plan shall not serve as a motion by the Trustee seeking entry of an order substantively consolidating the Debtors for any other purposes.  Moreover, any alleged defaults under any applicable agreement with the Debtors or their respective affiliates arising from substantive consolidation under the Plan shall be deemed cured as of the Effective Date.

## ARTICLE V.

## MEANS FOR IMPLEMENTATION OF THE PLAN

A.    Source of Funds

The payments due under the Plan will be paid from the Creditor Trust Proceeds.

B.    Establishment of Creditor Trust

1.    <u>Appointment of Creditor Trustee</u>

The Confirmation Order shall provide for the appointment of the Creditor Trustee.  The Creditor Trustee shall be deemed the Creditor Trust's exclusive representative in accordance with Bankruptcy Code §1123 and shall have all powers, authority and responsibilities specified under Bankruptcy Code §§704 and 1106.

2.    <u>Bond</u>

The Creditor Trustee shall serve without a bond. The Creditor Trustee may, at its option, obtain a bond, provided that there is sufficient Cash available in the Creditor Trust to purchase a bond.

3. <u>Governance</u>

The Creditor Trust shall be governed by the Creditor Trust Agreement.

4. <u>Succession Matters</u>

In the event that the Creditor Trustee dies or resigns for any reason, the Bankruptcy Court shall appoint a successor Creditor Trustee. Such successor Creditor Trustee shall be deemed to succeed the Creditor Trustee in all respects, including, but not limited to, all litigation and other matters related to prosecution of the Causes of Action, without need for further order of the Bankruptcy Court. In the event of resignation of the Creditor Trustee, the departing Creditor Trustee shall promptly (a) execute and deliver such documents, instruments and other writings as reasonably requested by the successor Creditor Trustee or as ordered by the Bankruptcy Court, (b) turn over to the successor Creditor Trustee all property of the Creditor Trust in his or her possession, custody and control, including, but not limited to, all funds held in bank accounts, and all files, books and records and other documents and information related to the Creditor Trust Assets and to the Debtor; and (c) otherwise assist and cooperate in affecting the assumption of his or her obligations and functions by the successor Creditor Trustee. The successor Creditor Trustee may, in his or her discretion, retain such professionals as he or she deems necessary, including the professionals of the departing Creditor Trustee.

5. <u>Funding of Creditor Trust</u>

The Creditor Trust shall be funded by the Creditor Trust Assets.

6. <u>Transfer of Estates Assets to Creditor Trust</u>

On the Effective Date, the Debtors shall transfer to the Creditor Trust all of their rights, titles, and interests in and to the Creditor Trust Assets, including, without limitation, all Avoidance Actions and Causes of Action. For avoidance of doubt, the Causes of Action shall be deemed to have been automatically assigned and transferred to the Creditor Trust on the Effective Date without the need for further conveyance or assignment document. Upon the Effective Date, the Creditor Trust shall be deemed to be substituted for, without further order of any court, the plaintiff in all Causes of Action. Any recoveries on account of the Causes of Action transferred to the Creditor Trust shall be distributed in accordance with the Plan.

7. <u>Purpose of the Creditor Trust</u>

The Creditor Trust shall be established for the sole purpose of liquidating the Creditor Trust Assets and distributing the proceeds thereof in accordance with Treasury Regulation section 301.7701-4(d) and Revenue Procedure 94-45, with no objective to continue or engage in the

2590891v6 / 065855.065855 / HTRUST

conduct of a trade or business.

8.     Federal Income Tax Treatment of the Creditor Trust

The Creditor Trust is intended to qualify as a liquidating trust for U.S. federal income tax purposes. In general, a liquidating trust is not a separate taxable entity for U.S. federal income tax purposes, but is instead treated as a grantor trust, i.e., a passthrough entity. All parties must treat the transfer of the Creditor Trust Assets to the Creditor Trust as a transfer of such assets directly to the Creditor Trust beneficiaries, followed by the transfer of such assets by the beneficiaries to the Creditor Trust. Consistent therewith, all parties must treat the Creditor Trust as a grantor trust of which the Creditor Trust beneficiaries are the owners and grantors. The Creditor Trust beneficiaries (and any subsequent holders of interests in the Creditor Trust) generally should be treated for U.S. federal income tax purposes as the direct owners of an undivided interest in the Creditor Trust Assets. The Creditor Trustee shall determine the fair market value of the Creditor Trust Assets as soon as possible after the Effective Date, and all parties must consistently use this valuation for all U.S. federal income tax purposes.

9.     Indemnification

The Creditor Trustee, and each of his respective designees, employees or professionals, or any duly designated agent or representative of the Creditor Trustee, shall not be liable for any act or omission taken or omitted to be taken in their respective capacities other than for acts or omissions resulting from willful misconduct, gross negligence, or fraud as determined by Final Order of the Bankruptcy Court. The Creditor Trust and Creditor Trustee may, in connection with the performance of their respective functions, and in their respective sole and absolute discretion, consult with attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such attorneys, accountants, financial advisors and agents, or any Final Order of the Bankruptcy Court. Notwithstanding such authority, the Creditor Trust and Creditor Trustee shall not be under any obligation to consult with attorneys, accountants, financial advisors or agents, and their determination not to do so shall not result in the imposition of liability, unless such determination is based on willful misconduct, gross negligence or fraud as determined by Final Order of the Bankruptcy Court. The Creditor Trust shall indemnify and hold harmless the Creditor Trustee and each of his respective designees and professionals, and all duly designated agents and representatives thereof (in their capacity as such) from and against all liabilities, losses, damages, claims, costs and expenses, including, but not limited to attorneys' fees and costs arising out of or due to such actions or omissions, or consequences of their actions or omissions with respect or related to the performance of their duties or the implementation or administration of this Plan; provided however, that no such indemnification will be made to such Persons for such actions or omissions as a result of willful misconduct, gross negligence or fraud.

10.     Dissolution of Debtors

Upon the Effective Date, the Debtors shall be deemed dissolved for all purposes.

11.     Discharge of the Trustee

14

Upon the Effective Date, the Trustee shall be relieved and discharged of all duties with respect to the Chapter 11 Cases and the Estates.

C.     Powers and Obligations of the Creditor Trust and Creditor Trustee

1.     Powers and Duties

On the Effective Date, the Creditor Trustee shall succeed to all of the rights of the Debtors with respect to the Creditor Trust Assets necessary to protect, conserve, and liquidate all Creditor Trust Assets, including, without limitation, control over (including the right to waive) all attorney-client privileges, work-product privileges, account-client privileges and any other evidentiary privileges relating to the Creditor Trust Assets that, prior to the Effective Date, belonged to the Debtors pursuant to applicable law.  The powers and duties of the Creditor Trustee shall include, without further order of the Court, except where expressly stated otherwise, the rights:

a.     to invest Cash in accordance with Bankruptcy Code §345, and withdraw and make distributions of Cash to Holders of Claims and pay taxes and other obligations incurred by the Creditor Trust in accordance with the Plan;

b.     to receive, manage, invest, supervise, and protect the Creditor Trust Assets, including paying taxes or other obligations incurred in connection with administering the Creditor Trust Assets;

c.     to engage attorneys, consultants, agents, employees and all professional persons, to assist the Creditor Trust with respect to the Creditor Trust's responsibilities;

d.     to pay the fees and expenses for the attorneys, consultants, agents, employees and professional persons engaged by the Creditor Trust and to pay all other expenses in connection with administering the Creditor Trust Assets;

e.     to execute and deliver all documents, and take all actions, necessary to consummate the Plan and the responsibilities of the Creditor Trust;

f.     move the Bankruptcy Court to establish a general bar date for the filing of Claims against the Debtors' Estates, if such a date has not already been established;

g.     to dispose of, and deliver title to others of, or otherwise realize the value of, Creditor Trust Assets to the extent that such action creates Creditor Trust Proceeds;

h.     subject to Article VIII of the Plan, to object to Claims against the Debtors;

i.  subject to Article X of the Plan, to compromise and settle Claims by and against the Debtors;

j.  to act on behalf of the Creditor Trust in all adversary proceedings and contested matters (including, without limitation, any Avoidance Actions and Causes of Action) assigned to the Creditor Trust, then pending or that can be commenced in the Bankruptcy Court and in all actions and proceedings pending or commenced elsewhere, and to settle, retain, enforce, or dispute any adversary proceedings or contested matters (including, without limitation, any Causes of Action) and otherwise pursue actions involving Creditor Trust Assets that could arise or be asserted at any time under the Bankruptcy Code or otherwise, unless otherwise specifically waived or relinquished in the Plan. The Creditor Trust shall be authorized to enter into settlements of Causes of Action without a hearing or Court approval;

k.  abandon any Creditor Trust Assets without the need for approval of the Court, and upon such abandonment, such Assets shall cease to be Creditor Trust Assets and will be transferred back to the Debtors; and

l.  to the extent the Creditor Trust retains any Cash, after satisfaction of all of its obligations pursuant to the Plan, to transfer such remaining Cash to the Debtors.

## ARTICLE VI.

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A.  Assumption and Rejection of Executory Contracts and Unexpired Leases

On the Effective Date, and solely with regard to any such executory contracts or unexpired leases entered into by the Debtors, all Executory Contracts and Unexpired Leases shall be deemed automatically rejected in accordance with the provisions of Bankruptcy Code §§365 and 1123 of the Bankruptcy Code as of the Effective Date, unless any such Executory or Unexpired Lease:

(a)  has previously been assumed by the Debtors by Final Order of the Bankruptcy Court;

(b)  has been assumed by the Debtors by order of the Bankruptcy Court as of the Effective Date which order becomes a Final Order after the Effective Date;

(c)  is the subject of a motion to assume or reject pending as of the Effective Date; or

(d)    is otherwise assumed pursuant to the terms herein.

B.    Claims Based on Rejection of Executory Contracts or Unexpired Leases

Notwithstanding anything to the contrary provided herein, all Proofs of Claim arising from the rejection (if any) of Executory Contracts or Unexpired Leases must be Filed within the later of: (a) thirty (30) days after the entry of an order of the Bankruptcy Court approving any such rejection; and (b) the first Business Day that is thirty (30) days following the Effective Date. Any Claims arising from the rejection of any Executory Contract or Unexpired Lease for which Proofs of Claims are not timely Filed will be forever barred from assertion against the Debtors, their Estates and property of the Creditor Trust, unless otherwise ordered by the Bankruptcy Court or as otherwise provided herein. All such Claims shall, as of the Effective Date, be subject to Article X.E of the Plan, hereof.

Notwithstanding anything herein to the contrary, nothing in this Plan is intended to extend the deadline by which Proofs of Claim arising from the rejection (if any) of Executory Contracts or Unexpired Leases was required to be previously Filed.

C.    Modifications, Amendments, Restatements or Other Agreements

Unless otherwise provided by the Plan, each rejected Executory Contract or Unexpired Lease shall include all modifications, amendments, restatements or other agreements that in any manner affect such Executory Contract or Unexpired Lease, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal and any other interest.

Amendments, restatements or other modifications to Executory Contracts or Unexpired Leases executed by the Debtors during the pendency of the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease, or the validity, priority or amount of any Claim arising in connection therewith.

D.    Reservation of Rights

Nothing contained in the Plan or the exhibits to the Plan shall constitute an admission by the Debtors or the Creditor Trust that any such contract or lease is an Executory Contract or Unexpired Lease or that the Debtors or the Creditor Trust has any liability thereunder. Additionally, the Debtors and the Creditor Trust reserve all of their defenses and rights with respect to any rejection damages Claims filed by an Entity with respect to an Executory Contract or Unexpired Lease.

## ARTICLE VII.

## PROVISIONS GOVERNING DISTRIBUTIONS

A.    Distributions for Allowed Claims

Except as otherwise provided herein or as may be ordered by the Bankruptcy Court, and

2590891v6 / 065855.065855 / HTRUST

subject to the establishment of a Disputed Claims Reserve, all distributions with respect to Claims that are Allowed Claims of the Effective Date shall be made by the Creditor Trust, as set forth in the Plan. The Creditor Trust shall make distributions on the Effective Date or as soon as reasonably practicable thereafter to Holders of Allowed Administrative Claims, Fees of the type described in 28 U.S.C. § 1930(a)(6), including the fees of the United States Trustee, and any applicable interest, Allowed Fee Claims, and all Allowed Claims in Classes 1, 2 and 3. The Creditor Trust shall make further distributions to Holders of Claims that subsequently become Allowed Claims pursuant to the Plan.

B.   Distributions on Account of Claims Allowed After the Effective Date

1.   Payments and Distributions on Disputed Claims

Notwithstanding any provision herein to the contrary, except as otherwise agreed by the Creditor Trust, no partial payments and no partial distributions will be made with respect to a Disputed Claim until the resolution of any such disputes by settlement or Final Order. On the first Business Date which is twenty (20) calendar days after the end of the calendar quarter in which a Disputed Claim becomes an Allowed Claim, the Holder of such Allowed Claim will receive such payments and distributions to which that Holder is then entitled under the Plan. In the event Claims require adjudication or other resolution, the Creditor Trust reserves the right to, or shall upon an order of the Bankruptcy Court, establish appropriate reserves for potential payment of any such Claims.

2.   Special Rules for Distributions to Holders of Disputed Claims

Notwithstanding any provision otherwise in the Plan and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to any Disputed Claim until all Disputed Claims held by the Holder of such Disputed Claim have become Allowed Claims or have otherwise been resolved by settlement or Final Order.

C.   Delivery and Distributions and Undeliverable or Unclaimed Distributions

1.   Delivery to Distributions in General

Except as otherwise provided herein, the Creditor Trust, shall make distributions to Holders of Allowed Claims at the address for each such Holder as indicated on the Debtors' books and records as of the date of any such distribution; provided, however, that if such Holder Files a Proof of Claim, the address identified by the Proof of Claim shall be the address for such distribution, and the manner of delivery for such distributions shall be determined at the discretion of the Creditor Trust. Nothing herein shall require or be deemed to require the Creditor Trust to attempt to locate any Holder of an Allowed Claim. Distributions shall be made in accordance with the provisions of the Plan and may be made in one or more payments or deliveries.

2.   Minimum Distributions

Notwithstanding anything herein to the contrary, and unless the proceeds of the Sales of

2590891v6 / 065855.065855 / HTRUST

the Creditor Trust Assets yield funds sufficient to pay Class 3 Claims in full, the Creditor Trust shall not be required to make distributions of less than $25.00, and shall not be required to make partial distributions or payments of fractions of dollars. Whenever any payment or distribution of a fraction of a dollar under the Plan would otherwise be called for, the actual payment or distribution will reflect a rounding of such fraction to the nearest whole dollar, with half dollars or less being rounded down. Any Holder of an Allowed Claim whose aggregate distribution under this Plan is less than $25.00 shall forfeit, at the option of the Creditor Trust, such amount to, and such amount shall vest in, the Creditor Trust for distribution in accordance with the terms of this Plan.

In the event that (a) all Allowed Claims, including Administrative Claims, have been paid in full, or (b) only *de minimis* assets remain in the Creditor Trust, all undeliverable distributions or unclaimed property shall revert back to the Debtors.

3.     <u>Undeliverable Distributions and Unclaimed Property</u>

If any distribution is returned as undeliverable, the Creditor Trust may, in its sole discretion, make such efforts to determine the current address of the Holder of the Claim with respect to which the distribution was made, but no distributions to any Holder of an Allowed Claim will be made until the Creditor Trust has determined the current address of the Holder of such Allowed Claim, at which time the distribution will be made without interest. The Creditor Trust shall have the discretion to determine how to make distributions in the most efficient and cost-effective manner.

Amounts in respect of any undeliverable distributions made by the Creditor Trust shall be returned to, and held in trust by, the Creditor Trust, until the distributions are claimed, or are deemed to be Unclaimed Property upon the expiration of six (6) months from the date of the return of the undeliverable distribution. Unclaimed Property shall be utilized by the Creditor Trust to make additional distributions in accordance with the provisions of the Plan. After the final distribution is made under the Plan, or after all Allowed Claims (including Allowed Administrative Claims) have been paid in full, with interest, any Unclaimed Property shall revert to the Debtors.

D.     Compliance with Tax Requirements/Allocations

In connection with the Plan, to the extent applicable, the Creditor Trust shall comply with all tax withholding and reporting requirements imposed upon it by any governmental unit, and all distributions pursuant hereto shall be subject to such withholding and reporting requirements. Notwithstanding any provision in the Plan to the contrary, the Creditor Trust shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including segregating or reserving a portion of the distribution to be made under the Plan to generate sufficient funds to pay applicable withholding or other taxes, withholding distributions pending receipt of information necessary to facilitate such distributions or establishing any other mechanisms they believe are reasonable and appropriate. The Creditor Trust reserves the right to allocate all distributions made under the Plan in compliance with all applicable liens and encumbrances. For tax purposes, distributions in full or partial satisfaction of Allowed Claims shall be allocated first to the principal amount of Allowed Claims, with any excess

2590891v6 / 065855.065855 / HTRUST

allocated to unpaid interest that accrued on such Claims.

E.      Timing and Calculation of Amounts To Be Distributed

Except as otherwise provided herein, on the Effective Date or as soon as reasonably practicable thereafter (or if a Claim is not an Allowed Claim on the Effective Date, on the date that such a Claim becomes an Allowed Claim, or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim shall receive, in one or more payments or deliveries, the full amount of the distributions that the Plan provides for Allowed Claims in the applicable Class. If and to the extent that there are Disputed Claims, distributions on account of any such Disputed Claims shall be made pursuant to the provisions set forth in Article VII.B hereof. Except as otherwise provided herein, Holders of Claims shall not be entitled to interest, dividends or accruals on the distributions provided for herein, regardless of whether such distributions are delivered on or at any time after the Effective Date.

F.      Setoffs

The Creditor Trust may withhold (but not setoff except as set forth below) from the distributions called for hereunder on account of any Allowed Claim an amount equal to any claims, equity interests, rights and Causes of Action of any nature that the Creditor Trust may hold against the Holder of any such Allowed Claim. In the event that any such claims, equity interests, rights and Causes of Action of any nature that the Creditor Trust may hold against the Holder of any such Allowed Claim are adjudicated by Final Order or otherwise resolved, the Creditor Trust may, pursuant to Bankruptcy Code §553 or applicable non-bankruptcy law, setoff or recoup against any Allowed Claim and the distributions to be made pursuant hereto on account of such Allowed Claim (before any distribution is made on account of such Allowed Claim), the amount of any adjudicated or resolved claims, equity interests, rights and Causes of Action of any nature that the Creditor Trust may hold against the Holder of any such Allowed Claim, but only to the extent of such adjudicated or resolved amount. Neither the failure to effect such a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by the Creditor Trust of any such claims, equity interests, rights and Causes of Action that the Creditor Trust may possess against any such Holder, except as specifically provided herein.

# ARTICLE VIII.

# PROCEDURES FOR RESOLVING DISPUTED
# CONTINGENT AND UNLIQUIDATED CLAIMS OR INTERESTS

A.      Resolution of Disputed Claims

1.      Prosecution of Claims Objection

From and after the Effective Date, the Creditor Trust shall have the sole authority to File objections on or before the Claims Objection Bar Date and settle, compromise, withdraw or litigate to judgment objections to any and all Claims filed by such party. From and after the Effective Date, the Creditor Trust may settle, compromise, or withdraw objections to any Disputed Claim

without approval of the Bankruptcy Court or notice to any party.

2.  Procedure for Omnibus Objections to Claims

The Creditor Trust is permitted to file omnibus objections to Claims (an "Omnibus Objection") on any grounds, including, but not limited to, those grounds specified in Bankruptcy Rule 3007(d). For Claims that have been transferred, a notice shall be provided only to the claimant listed as being the owner of such Claim on the Debtors' claims register as of the date the Omnibus Objection is filed. The notice shall include a copy of the relevant Omnibus Objection but not the exhibits thereto listing all Claims subject to the objection thereby; rather, the notice shall (i) identify the particular Claim or Claims filed by the claimant that are the subject of the Omnibus Objection, (ii) provide a unique, specified, and detailed basis for the objection, (iii) explain the proposed treatment of the Claim, (iv) notify such claimant of the steps that must be taken to contest the objection, and (v) otherwise comply with the Bankruptcy Rules.

3.  Claims Estimation

The Creditor Trust may, at any time, request that the Bankruptcy Court estimate (a) any Disputed Claim pursuant to applicable law, and (b) any contingent or unliquidated Claim pursuant to applicable law, including Bankruptcy Code §502(c), regardless of whether the Creditor Trust or the Debtors have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction under 28 U.S.C. §§157 and 1334 to estimate any Disputed Claim, contingent Claim or unliquidated Claim, including during the litigation concerning any objection to any Claim or during the pendency of any appeal relating to any such objection. Notwithstanding any provision otherwise in the Plan, a Claim that has been expunged from the claims register but that is subject to appeal or has not been the subject of a Final Order, shall be deemed to be estimated at zero dollars, unless otherwise ordered by the Bankruptcy Court. In the event that the Bankruptcy Court estimates any Disputed Claim, contingent Claim or unliquidated Claim, that estimated amount shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim for all purposes under the Plan, including for purposes of distributions, and the Creditor Trust may elect to pursue additional objections to the ultimate distribution on such Claim. If the estimated amount constitutes a maximum limitation on such Claim, the Creditor Trust may elect to pursue any supplemental proceedings to object to any ultimate distribution on account of such Claim. Notwithstanding Bankruptcy Code §502(j), in no event shall any Holder of a Claim that has been estimated pursuant to Bankruptcy Code §502(c) or otherwise be entitled to seek reconsideration of such estimation unless such Holder has Filed a motion requesting the right to seek such reconsideration on or before twenty (20) days after the date on which such Claim is estimated. Each of the aforementioned Claims and objection, estimation, and resolution procedures are cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

4.  Deadline to File Objections to Claims

Any objections to Claims, other than Administrative Claims, shall be Filed no later than the Claims Objection Bar Date.

21

B.      Claims Allowance

Except as expressly provided herein or in any order entered in the Chapter 11 Cases prior to the Effective Date (including the Confirmation Order), no Claim shall be deemed Allowed unless and until such Claims is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order (including the Confirmation Order) in the Chapter 11 Cases allowing such Claim.  Except as expressly provided by the Plan or any order entered in the Chapter 11 Cases prior to the Effective Date (including the Confirmation Order), the Creditor Trust will have and shall retain after the Effective Date and any and all rights and defenses that the Debtors had with respect to any Claim as of the Petition Date.

C.      Controversy Concerning Impairment

If a controversy arises as to whether any Claims or any Class of Claims are Impaired under the Plan, the Bankruptcy Court shall, after notice and a hearing, determine any such controversy before the Confirmation Date.

D.      Disallowance of Claims

All Claims of any Entity from which property is sought by the Creditor Trust under Bankruptcy Code §§542, 543, 550 or 553, or that the Creditor Trust allege is a transferee of a transfer that is avoidable under Bankruptcy Code §§522(f), 522(h), 544, 545, 547, 548, 549 or 724(a), shall be disallowed if such Entity or transferee has failed to turnover such property.

EXCEPT AS OTHERWISE AGREED TO BY THE CREDITOR TRUST, ANY AND ALL PROOFS OF CLAIM FILED AFTER THE APPLICABLE CLAIMS BAR DATE SHALL BE DEEMED DISALLOWED AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT ON OR BEFORE THE CONFIRMATION HEARING.

E.      Amendments to Claims

On or after the Effective Date, except as otherwise provided herein, a claim may not be re-Filed or amended without the prior authorization of the Bankruptcy Court or the Creditor Trust, and any such re-Filed or amended Claim shall be deemed disallowed and expunged without any further notice to or action, order, or approval of the Bankruptcy Court.

2590891v6 / 065855.065855 / HTRUST

# ARTICLE IX.

## CONDITIONS PRECEDENT TO CONFIRMATION
## AND CONSUMMATION OF THE PLAN

A.     Conditions Precedent to Confirmation

It shall be conditions precedent to Confirmation of the Plan that:

1.     all provisions, terms, and conditions of the Plan are approved in the Confirmation Order; and

2.     the proposed Confirmation Order shall contain provisions that, among other things: (i) authorize the implementation of the Plan in accordance with its terms; (ii) approve in all respects the other settlements, transactions, and agreements to be effected pursuant to the Plan; (iii) find that the Plan complies with all applicable provisions of the Bankruptcy Code, including that the Plan was proposed in good faith and that the Confirmation Order was not procured by fraud; and (iv) approve the Creditor Trust Agreement.

B.     Conditions Precedent to Consummation and Occurrence of the Effective Date

It shall be a condition to Consummation of the Plan and occurrence of the Effective Date that the following conditions shall have been satisfied or waived pursuant to the provisions of Article IX hereof:

1.     the Confirmation Order shall have been entered and become a Final Order in form and substance acceptable to the Creditor Trust;

2.     the Debtors' Estates shall have sufficient funds to pay or reserve for all amounts required to be paid on the Effective Date of the Plan;

3.     all documents and agreements necessary to implement the Plan shall have (a) been tendered for delivery, and (b) been executed; and

4.     all actions, documents, certificates and agreements necessary to implement this Plan shall have been effected or executed and delivered to the required parties.

C.     Waivers of Conditions

The conditions precedent to Confirmation of the Plan and to Consummation of the Plan set forth in this Article IX may be waived by the Creditor Trust, on notice to the United States Trustee and without further notice, leave, or order of the Bankruptcy Court, or any formal action other than by proceeding to confirm or consummate the Plan.

2590891v6 / 065855.065855 / HTRUST

D.    Effect of Non-Occurrence of Conditions to Consummation

If the Consummation of the Plan does not occur, other than through a specific act or failure to act of the Debtors, the Plan shall be null and void in all respects and nothing contained in the Plan or the Disclosure Statement shall: (1) constitute a waiver or release of any claims by or Claims against the Debtors; (2) prejudice in any manner the rights of the Debtors, any Holders, or any other Entity; or (3) constitute an admission, acknowledgment, offer, or undertaking by the Debtors, any Holders or any other Entity in any respect. Any act or failure to act of the Debtors which prevents the occurrence of the Effective Date shall be considered a violation of an order of the Bankruptcy Court, and is subject to a finding of contempt.

## ARTICLE X.

## SETTLEMENT, INJUNCTION AND RELATED PROVISIONS

A.    Compromise and Settlement

Notwithstanding anything contained herein to the contrary, the allowance, classification and treatment of all Allowed Claims and their respective distributions and treatments hereunder takes into account and conforms to the relative priority and rights of the Claims and the Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, Bankruptcy Code §§510(b) and 510(c) or otherwise. As of the Effective Date, any and all such rights described in the preceding sentence are settled, compromised and released pursuant hereto. The Confirmation Order will constitute the Bankruptcy Court's finding and determination that the settlements reflected in the Plan are (1) in the best interests of the Debtors, their Estates, the Creditor Trust, the Creditor Trustee and all Holders of Claims, (2) fair, equitable and reasonable, (3) made in good faith, and (4) approved by the Bankruptcy Court pursuant to Bankruptcy Code §363 and Bankruptcy Rule 9019.

In accordance with the provisions of this Plan, and pursuant to Bankruptcy Code §363 and Bankruptcy Rule 9019, without any further notice to or action, order or approval of the Bankruptcy Court, after the Effective Date (1) the Creditor Trust, in its sole and absolute discretion, compromise and settle Claims against the Debtors, and (2) the Creditor Trust may, in its respective sole and absolute discretion, compromise and settle Causes of Action against other Entities.

B.    Exculpation

TO THE EXTENT PERMISSIBLE UNDER BANKRUPTCY CODE §1125(e), THE TRUSTEE AND ANY PROFESSIONALS RETAINED BY THE TRUSTEE SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY TO ANY ENTITY FOR ACTS BEFORE THE EFFECTIVE DATE TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH, OR RELATED TO FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, IMPLEMENTING, ADMINISTERING, CONFIRMING OR EFFECTING THE CONSUMMATION OF THE PLAN, THE DISCLOSURE STATEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT

2590891v6 / 065855.065855 / HTRUST

CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, OR ANY ACT BEFORE THE EFFECTIVE DATE TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING OF THE DEBTORS' ASSETS AND LIABILITIES; PROVIDED, HOWEVER, THAT THE FOREGOING "EXCULPATION" SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE RESULTED FROM SUCH PERSON'S OR ENTITY'S GROSS NEGLIGENCE, WILLFUL MISCONDUCT, BREACH OF FIDUCIARY DUTY, CRIMINAL CONDUCT, ULTRA VIRES ACTIONS, OR THE DISCLOSURE OF CONFIDENTIAL INFORMATION THAT CAUSES DAMAGES, AND, IN ALL RESPECTS, THE DEBTORS SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN.

NOTHING IN THE PLAN OR THE CONFIRMATION ORDER SHALL ENJOIN THE UNITED STATES GOVERNMENT OR ANY OF ITS AGENCIES OR ANY STATE AND LOCAL AUTHORITY, FROM BRINGING ANY CLAIM, SUIT, ACTION OR OTHER PROCEEDINGS (WHETHER DIRECTLY, INDIRECTLY, DERIVATIVELY OR OTHERWISE) AGAINST THE TRUSTEE OR ANY OF THE TRUSTEE'S ATTORNEYS, ADVISORS, AGENTS, REPRESENTATIVES AND ASSIGNS, OR THE DEBTORS' PROPERTY, FOR ANY LIABILITY, INCLUDING UNDER THE INTERNAL REVENUE CODE, THE ENVIRONMENTAL LAWS (OR ANY CRIMINAL LAWS) OF THE UNITED STATES OR ANY STATE OR LOCAL AUTHORITY. IN ADDITION, THE INJUNCTION PROVIDED FOR IN THE PLAN SHALL NOT RELEASE ANY ATTORNEY FROM ANY OBLIGATIONS OWED UNDER RULE 1.8(h) OF THE NEW YORK STATE RULES OF PROFESSIONAL CONDUCT.

C.      Preservation of Rights of Action / Reservation of Rights

        1.      Maintenance of Causes of Action

Except as otherwise provided in the Plan or Confirmation Order, including the exculpation provisions thereof, after the Effective Date, the Creditor Trust, shall retain all rights to and shall have standing to commence, pursue, litigate or settle, as appropriate, any and all Causes of Action, whether existing as of the Petition Date or thereafter, arising, in any court or other tribunal including in an adversary proceeding Filed in the Chapter 11 Cases.

The Creditor Trust, may in its sole discretion, elect not to pursue any Causes of Action that the Creditor Trust otherwise has authority to pursue hereunder, the pursuit of which the Creditor Trust deems not to be in the best interest of the Estates.

Except as specifically provided in the Plan or Confirmation Order, including the exculpation provisions thereof, nothing contained herein or in the Confirmation Order shall be deemed to be a waiver or relinquishment of any claim, Cause of Action, right of setoff, or other legal or equitable defense that the Debtors or their Estates had immediately prior to the Petition Date, against or with respect to any Claim whether impaired or left unimpaired by the Plan. Except as specifically provided for in the Plan or Confirmation Order, including the exculpation

2590891v6 / 065855.065855 / HTRUST

provisions thereof, the Creditor Trust shall have, retain, reserve, and be entitled to assert all such claims, Causes of Action, rights of setoff, or other legal or equitable defense which the Debtors had immediately prior to the Petition Date fully as if the Chapter 11 Cases had not been commenced, and all legal and equitable rights of the Debtors respecting any Claim whether impaired or left unimpaired by the Plan may be asserted after the Confirmation Date to the same extent as if the Chapter 11 Cases had not been commenced.

Except as specifically provided in the Plan or Confirmation Order, including the exculpation provisions thereof, any claims, rights, or Causes of Action that the Debtors may hold against any Entity shall vest in the Creditor Trust on the Effective Date and the Creditor Trust shall have the exclusive right and authority to institute, prosecute, abandon, settle or compromise any and all such claims, rights and Causes of Action, and the Creditor Trust shall not require the consent or approval or any party or any further order of the Bankruptcy Court to settle or resolve any claims, rights and Causes of Action.

2. <u>Preservation of All Causes of Action Not Expressly Sold, Settled, or Released</u>

Unless a claim or Cause of Action against a Holder of a Claim or other Entity is expressly waived, abandoned, relinquished, released, compromised, assigned, or settled in the Plan or any Final Order (including the Confirmation Order), including the exculpation provisions thereof, the Debtors expressly reserve such claim or Cause of Action for later action by the Creditor Trust (including claims and Causes of Action of which the Debtors may presently be unaware or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist) and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such claims or Causes of Action upon or after the Confirmation or Consummation of the Plan based on the Disclosure Statement, Plan or the Confirmation Order, except where such claims or Causes of Action have been expressly released in the Plan, or any other Final Order (including the Confirmation Order), including the exculpation provisions thereof. In addition, the Creditor Trust, as the case may be, reserve the right to pursue to adopt any claims alleged in any lawsuit in which the Debtors are a plaintiff, defendant, or an interested party, against any Entity, including the plaintiffs or co-defendants in such lawsuits except where such claims or Causes of Action have been released in the Plan or any other Final Order (including the Confirmation Order).

D.      Preservation of Insurance

Nothing in the Plan shall diminish or impair the enforceability of any policies of insurance that may cover claims or Causes of Action against the Debtors, any other Entity, or any other Person.

E.      Injunction

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION, OR

LIABILITIES AGAINST THE DEBTORS' ESTATES, OR THE CREDITOR TRUST, OR THE CREDITOR TRUSTEE COMMITTEE SOLELY IN SUCH CAPACITY, INCLUDING BUT NOT LIMITED TO ANY AND ALL PROPERTY OF THE DEBTORS AND THE CREDITOR TRUST ASSETS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY ENTITY ENTITLED TO EXCULPATION UNDER THIS PLAN, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS, INTERESTS CAUSES OF ACTION OR LIABILITIES OF THE DEBTORS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY ENTITY ENTITLED TO EXCULPATION ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES OF THE DEBTORS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN, CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY ENTITY ENTITLED TO EXCULPATION ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES OF THE DEBTORS; AND (D) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY ENTITY ENTITLED TO EXCULPATION ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES, UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO BANKRUPTCY CODE §553 OR OTHERWISE; PROVIDED, HOWEVER, THAT THE FOREGOING INJUNCTION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE RESULTED FROM SUCH PERSON'S OR ENTITY'S GROSS NEGLIGENCE, WILLFUL MISCONDUCT, BREACH OF FIDUCIARY DUTY, CRIMINAL CONDUCT, ULTRA VIRES ACTIONS, OR THE DISCLOSURE OF CONFIDENTIAL INFORMATION THAT CAUSES DAMAGES, AND, IN ALL RESPECTS, THE CREDITOR TRUST AND THE CREDITOR TRUSTEE SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO WITH RESPECT TO ITS DUTIES AND RESPONSIBILITIES UNDER THE PLAN.

NOTHING IN THE PLAN OR THE CONFIRMATION ORDER SHALL ENJOIN THE UNITED STATES GOVERNMENT OR ANY OF ITS AGENCIES OR ANY STATE AND LOCAL AUTHORITY, FROM BRINGING ANY CLAIM, SUIT, ACTION OR OTHER PROCEEDINGS (WHETHER DIRECTLY, INDIRECTLY, DERIVATIVELY OR OTHERWISE) AGAINST THE CREDITOR TRUST, THE CREDITOR TRUSTEE, OR ANY OF THE CREDITOR TRUST'S OR THE CREDITOR TRUSTEE'S, ADVISORS, AGENTS, REPRESENTATIVES AND ASSIGNS, OR THE CREDITOR TRUST ASSETS, FOR ANY LIABILITY, INCLUDING UNDER THE INTERNAL REVENUE CODE, THE ENVIRONMENTAL LAWS (OR ANY CRIMINAL LAWS) OF THE UNITED STATES OR ANY STATE OR LOCAL AUTHORITY. IN ADDITION, THE INJUNCTION PROVIDED FOR IN THE PLAN SHALL NOT RELEASE ANY ATTORNEY FROM OBLIGATIONS

2590891v6 / 065855.065855 / HTRUST

OWED UNDER RULE 1.8(h) OF THE NEW YORK STATE RULES OF PROFESSIONAL CONDUCT.

## ARTICLE XI.

## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, to the extent legally permissible, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Cases and all Persons and Entities with respect to all matters related to the Chapter 11 Cases, the Debtors, the Creditor Trust and the Plan, including jurisdiction to:

1.      allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for the payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of any Claim;

2.      grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

3.      resolve any matters related to the assumption, assignment or rejection of any Executory Contract or Unexpired Lease to which the Debtors are party or with respect to which the Debtors may be liable, and to adjudicate and, if necessary, liquidate, any Claims arising under any Executory Contract or Unexpired Lease;

4.      resolve any issues related to any matters adjudicated in the Chapter 11 Cases;

5.      resolve any issues related to any order entered by the Bankruptcy Court in the Chapter 11 Cases;

6.      ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

7.      decide or resolve any motions, adversary proceedings, contested or litigated matters and any other Causes of Action that are pending as of the Effective Date or that may be commenced in the future, and grant or deny any applications involving the Debtors that may be pending on the Effective Date or instituted by the Creditor Trust after the Effective Date; provided that the Creditor Trust shall reserve the right to commence actions in all appropriate forums and jurisdictions;

8.      enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all other contracts, instruments, and other agreements or documents adopted in connection with the Plan, a Sale, or the Disclosure Statement;

9.      resolve any cases, controversies, suits or disputes that may arise in connection with the Consummation, interpretation or enforcement of the Plan or any Entity's obligations incurred in connection with the Plan or a Sale;

10.      issue injunctions and enforce them, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation or enforcement of the Plan, except as otherwise provided in the Plan;

11.      enforce the exculpations and injunctions contained in this Plan;

12.      resolve any cases, controversies, suits or dispute with respect to any injunction, exculpation or other provisions contained in this Plan, and enter such orders or take such other actions as may be necessary or appropriate to implement or enforce all such provisions;

13.      enter and implement such orders or take such other actions as may be necessary or appropriate if the Confirmation Order is modified, stayed, reversed, revoked or vacated;

14.      resolve any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release or other agreement or document adopted in connection with the Plan or the Disclosure Statement; and

15.      enter an order and final decree closing the Chapter 11 Cases.

## ARTICLE XII.

## MISCELLANEOUS PROVISIONS

A.      Payment of Statutory Fees

All fees and any applicable interest payable pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by the Debtors' Estates on the Effective Date of the Plan.  The transfer of the Creditor Trust Proceeds from the Debtors' Estates to the Creditor Trust shall not be deemed a distribution for purposes of 28 U.S.C. § 1930(a)(6).  After the Effective Date and prior to the closing of the Chapter 11 Cases, all fees and any applicable interest payable pursuant to 28 U.S.C. §1930 shall be paid by the Creditor Trust when due or as soon thereafter as practicable.

B.      Quarterly Reports

The Creditor Trust shall file quarterly reports of its disbursements on every January 15, April 15, July 15, and October 15 from the Effective Date through the closing of the Chapter 11 Cases and provide copies to the U.S. Trustee.

C.      Modification of Plan

Effective of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Creditor Trust reserves the right, in accordance with the Bankruptcy Code and the

Bankruptcy Rules, to amend or modify the Plan prior to the entry of the Confirmation Order; and (b) after the entry of the Confirmation Order, the Creditor Trust may, upon order of the Bankruptcy Court, amend or modify the plan, in accordance with Bankruptcy Code §1127(b) or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

D.     Revocation of Plan

The Creditor Trust reserves the right to revoke or withdraw the Plan prior to the Confirmation Date and to File subsequent chapter 11 plans. If the Creditor Trust revokes or withdraws the Plan, or if Confirmation or Consummation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Bankruptcy Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against the Creditor Trust or any other Entity, or any Interests; (b) prejudice in any manner the rights of the Creditor Trust or any other Entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Creditor Trust, or any other Entity.

E.     Successor and Assigns

The rights, benefits and obligations of any Entity named or referred to herein shall be binding on, and shall insure to the benefit of, any heir, executor, administrator, successor or assign of such Entity.

F.     Reservation of Rights

Except as expressly set forth herein, the Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order, and the Confirmation Order becomes a Final Order. Neither the filing of the Plan, any statement or provisions contained herein, nor the taking of any action by the Creditor Trust, or any other Entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) the Creditor Trust with respect to the Holders of Claims or Interests or other Entity; or (2) any Holder of a Claim or an Interest or Entity prior to the Effective Date.

G.     Further Assurances

The Debtors or the Creditor Trust, as applicable, all Holders of Claims receiving distributions hereunder, and all other Entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the Confirmation Order.

H.     Severability

If, prior to Confirmation, any term or provisions of the Plan is held by the Bankruptcy

Court, or any other court with jurisdiction over the Chapter 11 Case, to be invalid, void or unenforceable, the Bankruptcy Court, or any other court with jurisdiction over the Chapter 11 Cases, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, provided that any such alteration or interpretation must be in form and substance acceptable to the Creditor Trust; provided further that the Creditor Trust may seek an expedited hearing before the Bankruptcy Court, or any other court with jurisdiction over the Chapter 11 Cases, to address any objection to any such alteration or interpretation of the foregoing. Notwithstanding any such order by the Bankruptcy Court, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect. The Confirmation Order shall constitute a judicial determination and shall provide that each term and the provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

I.      Service of Documents

Any pleading, notice or other document required by the Plan to be served on or delivered shall be sent to:

(a)     If to the Trustee:

SilvermanAcampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11573
Attention:  Kenneth P. Silverman, Esq.
            Ronald. J. Friedman, Esq.

(b)     If to the Creditor Trust, at the address indicated in the Creditor Trust Agreement.

(c)     If to a Holder of a Claim or Interest, at the address set forth in its Proof of Claim or proof of Interest filed with and Allowed by the Bankruptcy Court, or, if none, at its address set forth in the Schedules prepared and filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007(b).


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

2590891v6 / 065855.065855 / HTRUST

(d)     If to the United States Trustee for Region 2:

U.S. Federal Office Building
201 Varick Street, Room 1006
New York, New York 10014
Attention: Richard C. Morrissey, Esq.

Dated: As of November 17, 2021

Respectfully Submitted,

SILVERMANACAMPORA LLP
Counsel to Kenneth P. Silverman, Esq.
The Chapter 11 Trustee


By:     *s/ Ronald J. Friedman*
Ronald J. Friedman
Member of the Firm
100 Jericho Quadrangle, Suite 300
New York, New York 11753
(516) 479-6300

2590891v6 / 065855.065855 / HTRUST