SILVERMANACAMPORA LLP
Attorneys for Kenneth P. Silverman, Esq.,
  the Chapter 11 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers
Haley L. Trust

Presentment Date: May 6, 2022
Time: **12:00 p.m.**

Objections Due: May 6, 2022
Time: **11:30 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

    ALROSE ALLEGRIA, LLC,

                  Debtor.
------------------------------------------------------------X
In re:

    ALROSE KING DAVID, LLC,

                  Debtor.
------------------------------------------------------------X

Chapter 11

Case No. 15-11760 (SHL)

Chapter 11

Case No. 16-10536 (SHL)
**(Jointly Administered)**

### CHAPTER 11 TRUSTEE'S APPLICATION FOR FINAL DECREE AND ORDER CLOSING DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §§ 350(a) AND 1106(a)(7), BANKRUPTCY RULE 3022, AND LOCAL RULE 3022-1

Kenneth P. Silverman, Esq., the chapter 11 trustee (the "Trustee") of the jointly administered estates of Alrose Allegria, LLC ("Allegria") and Alrose King David, LLC ("AKD") (collectively, the "Debtors"), by his attorneys, SilvermanAcampora LLP, respectfully submits this application (this "Application") for entry of a final decree and order, in a form substantially similar to the version annexed hereto as Exhibit A, pursuant to sections 350(a) and 1106(a)(7) of title 11, United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), closing the Debtors' jointly administered chapter 11 cases, and respectfully sets forth and represents as follows:

## BACKGROUND

### Alrose Allegria Background

1. The Debtors operated the Allegria Hotel, located at 80 West Broadway, Long Beach, New York (the "Allegria Hotel" or "Premises"). On July 2, 2015 (the "Petition Date"), Allegria filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On February 5, 2016, the Court entered the Order Directing the Appointment of a Chapter 11 Trustee in the Allegria case. On February 9, 2016, the Office of the United States Trustee filed the Application for the Appointment of Kenneth P. Silverman, Esq., as Chapter 11 Operating Trustee and Affidavit of Disinterestedness of the Trustee. By Order of this Court dated February 10, 2016, Kenneth P. Silverman, Esq., was appointed the chapter 11 operating trustee for the bankruptcy estate of Allegria.

3. Prior to the appointment of the Trustee, Allegria operated the Allegria Hotel, a nine-story, 143-key mid-rise full-service boutique hotel located on the beachfront in Long Beach, New York. The property contained approximately 136,000 gross square feet and included a ballroom, meeting space, fitness center, restaurant, lounge and piano bar.

4. Additional information about Allegria's business and the events leading up to the Petition Date can be found in the "First Day Declaration of Allen Rosenberg," dated July 7, 2015 (ECF Doc. No. 7).

### Alrose King David, LLC Background

5. On March 4, 2016, AKD filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

6. On February 5, 2016, the Court entered the Order Directing the Appointment of a Chapter 11 Trustee. On April 21, 2016, the Office of the United States Trustee filed the Application for the Appointment of Kenneth P. Silverman as Chapter 11 Operating Trustee and Affidavit of Disinterestedness of the Trustee. By Order of this Court dated April 22, 2016, Kenneth P. Silverman, Esq., was appointed the chapter 11 operating Trustee for AKD.

7. AKD's principal place of business was 30 East 39th Street, New York, NY. AKD did not have any employees, where it maintained certain books and records.

8. AKD was the owner of real property, including the building, fixtures and improvements thereon, located at 80 West Broadway, Long Beach, New York (the "Property"), otherwise known as the Allegria Hotel. The Property was AKD's sole asset.

9. Allegria, an affiliate of AKD, leased the Property from AKD. At the Premises, Allegria operated a luxury oceanfront hotel known as the Allegria Hotel. There was no written lease agreement between AKD and Allegria, and Allegria did not pay "rent" to AKD. However, Allegria paid the real property taxes, insurance, utilities (to the extent not obtained directly by Allegria) and the costs and expenses to operate and maintain the Property.

10. Starting in September 2009, before construction of the Allegria Hotel was complete, Allegria began leasing the property from AKD pursuant to that certain Agreement of Lease.

11. In 2010, Hurricane Irene caused significant damage to the Allegria Hotel. Insurance did not cover the cost of the needed repairs.

12. In August 2011, following actions by Brooklyn Federal Savings Bank, on its secured debt, and other vendors against AKD to collect, AKD filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code in the Eastern District of New York, Case No. 11-75361 (the "First Chapter 11 Case").

13. Following a reorganization finalized in June 2012, the Allegria Hotel continued operations with Allegria as the operating entity. As a result of the First Chapter 11 Case, the Agreement of Lease between AKD and Allegria was terminated; however, AKD's confirmed plan of reorganization provided that Allegria "may, at the sole discretion of AKD, continue to occupy the [Property] top operate its business." No new lease or operating agreement was entered into by AKD and Allegria, and, since confirmation of AKD's plan, AKD continued to permit Allegria to operate the Allegria Hotel.

14. In October 2012, Hurricane Sandy caused extensive damage to the boardwalk bordering the hotel's beach and to the hotel itself, flooding the Allegria Hotel and requiring a complete renovation of the main floors. AKD and Allegria rebuilt and reopened the hotel in 2013 at a cost exceeding $3 million, receiving little insurance coverage. The Allegria Hotel did not return to "normal" operations until 2014.

15. On July 28, 2016, this Court entered an order (the "Sale Order") approving the Trustee sale of substantially all of the assets of the Debtors, including the Property and Allegria Hotel, to Stablis Fund IV, LP (the "Successful Bidder"), for a purchase price of Twenty-Seven Million Four Hundred Thousand and 00/100 ($27,400,000.00) Dollars as a credit bid under Bankruptcy Code § 363(k) (the "Credit Bid") plus a cash payment of Three Million Five Hundred Thousand and 00/100 ($3,500,000.00) Dollars in full satisfaction of all costs and expenses recoverable under Bankruptcy Code § 506(c) (ECF Doc. No. 239).

16. On September 15, 2021, the Trustee filed the *Disclosure Statement for the Chapter 11 Trustee's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 488)

2784953v1 / 065855.065855 / HTRUST

(the "Disclosure Statement"), with respect to the *Chapter 11 Trustee's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 489) (the "Plan"). On October 18, 2021, the Court entered an *Order (i) Conditionally Approving Proposed Disclosure Statement as Providing "Adequate Information" Under 11 U.S.C. § 1125(a)(1), (ii) Establishing Deadlines and Procedures for (a) Filing Objections to Final Approval of Proposed Disclosure Statement, and Confirmation of Debtors' Proposed Plan of Reorganization, and (b) Voting on the Plan, and (iii) Granting Related Relief* (ECF Doc. No. 496) (the "Conditional Approval Order"). A combined hearing (the "Confirmation Hearing") to consider final approval of the adequacy of the Disclosure Statement and confirmation of the Plan was held on November 18, 2021 at 10:30 a.m.

17. On November 23, 2021, the Court entered an *Order Confirming Chapter 11 Trustee's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") (ECF Doc. No. 506).

18. There are no adversary proceedings or claims objections pending in the Debtor's jointly administered cases.

19. Moreover, the Effective Date of the Plan occurred on February 23, 2022 (the "Effective Date"). On February 23, 2022, the Trustee filed the *Notice of Occurrence of Effective Date Under Plan* (the "Notice of Effective Date") (ECF Doc. No. 513) and served the Notice of Effective Date on February 24, 2022. The Notice of Effective Date advised the Court and interested parties that all conditions precedent to the Effective Date of the Plan were satisfied.

## RELIEF REQUESTED

20. Bankruptcy Code § 350(a) provides in relevant part that: "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements Bankruptcy Code § 350, provides that: "[a]fter an estate is fully administered in a

2784953v1 / 065855.065855 / HTRUST

chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed R. Bankr. P. 3022. Local Rule 3022-1 provides that: "[u]nless the Court orders otherwise, within fourteen (14) days after the estate is fully administered . . . the debtor . . . shall file and serve upon the United States Trustee a closing report substantially in the form available on the Court's website." Local Rule 3022-1.

21. Under the Plan, and since the Effective Date, the Trustee has made all distributions required by the Plan as possible as of the date this Application and will continue to make distributions to the requisite creditors on receipt of certain settlement proceeds that are still owed to the Debtors' estate.

22. In compliance with Local Rule 3022-1, the closing report (the "Closing Report") is annexed hereto as Exhibit B.

23. For the foregoing reasons, the Trustee submits that the Plan has been substantially consummated and the Court's administration of the Debtors' chapter 11 cases is no longer required. Thus, the Trustee respectfully requests that a final decree and order closing the Debtors' chapter 11 cases be entered by the Court.

24. No other application for the relief sought herein has been made to this or any other court.

25. Notice of this Application has been served upon the Office of the United States Trustee and all parties having filed notices of appearance in the Debtors' chapter 11 cases. The Trustee respectfully submits that such notice is sufficient under the circumstances.

Dated: Jericho, New York
April 12, 2022

SILVERMANACAMPORA LLP
Counsel to Kenneth P. Silverman, Esq.,
  the Chapter 11 Trustee

By: /s/ Ronald J. Friedman
Ronald J. Friedman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
(516) 479-6300